**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **CRISS MURPHY, NORMAN JORDAN,** | ) | |
| **ANDINO WARD, EDDIE BARNES, JR.,** | ) | Case File No.: |
| **PAUL HANNON, CURTIS NELSON,** | ) | 06-CV-00480-GLS-DRH |
| **DAVID CHAMBERS, DENNIS** | ) | |
| **COLEMAN, HERION MURPHY, and** | ) | |
| **VINCENT SAFFORD,** | ) | |
| | ) | |
| Individually and on Behalf of Others | ) | |
| Similarly Situated, | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| | ) | |
| | ) | **CONSENT DECREE** |
| - against - | ) | |
| | ) | |
| **SUPER STEEL SCHENECTADY, INC.,** | ) | |
| | ) | |
| **DEFENDANT**. | ) | |

## I.  INTRODUCTION

This Consent Decree has been entered into by and between Named Plaintiffs, Criss Murphy, Norman Jordan, Andino Ward, Eddie Barnes, Jr., Paul Hannon, Curtis Nelson, David Chambers, Herion Murphy, and Vincent Safford, on behalf of themselves individually and the Settlement Class and Super Steel Schenectady, Inc. ("SSSI" also referred to as the "Company") (collectively the "parties"). This Decree fully and finally resolves in every respect this civil action filed by Named Plaintiffs, individually against SSSI, Civil Action Number 06-CV-00480 (GLS/DRH) ("the Alleged Class Action").  In addition, the provisions of this Decree fully and finally resolve in every respect any and all Charges of Discrimination filed by and/or submitted by Named Plaintiffs, Larry Marshall and Dennis Coleman with the New York State Division of Human Rights and/or the United States Equal Employment Opportunity Commission (the "Charges") bearing Charge Numbers as follows:

| Name | SDHR No. | EEOC No. |
|------|----------|----------|
| Eddie Barnes | 10112612 | 16GA603723 |
| David Chambers | 10112631 | 16GA603738 |
| Dennis Coleman | 10112619 | 16GA603728 |
| Paul Hannon | 10112633 | 16GA603739 |
| Norman Jordan | 10107591 | NONE |
| Larry Marshall | 10112748 | 16GA603825 |
| Criss Murphy | 10112632 | 16GA603736 |
| Herion Murphy | 10112629 | 16GA603735 |
| Vincent Safford | 10112754 | 16GA603829 |
| Curtis Nelson | 10112759 | 16GA603839 |
| Andino Ward | 10112758 | 16GA603838 |

In addition, the provisions of this Decree fully and finally resolve in every respect any and all potential claims that might have been asserted by Wayne Zimmerman and Eddie Stewart, former employees of SSSI.

## II.   PURPOSES OF THE CONSENT DECREE

The parties have entered into this Consent Decree for the following purposes:

A.      To resolve all disputes covered by this Consent Decree in such a way as to avoid further expensive and protracted litigation;

B.      To further SSSI's continuing commitment to equal employment opportunity for African-American individuals working at SSSI;

C.      To increase the understanding and awareness of African-Americans working at SSSI concerning internal complaint procedures for handling complaints alleging Race Discrimination.

D.      To create an expedited procedure for distributing a monetary settlement to eligible members of the Settlement Class, and for implementing equitable relief pursuant to the terms of this Decree; and

E.      To provide finality to the resolution of all claims and defenses asserted in the Alleged Class Action and the Charges.

## III.  DEFINITIONS

The following terms, when used in this Decree, in addition to the terms defined elsewhere in the Decree, shall have the following meanings:

A.      "Approval Date" means the date upon which the Court signs this Decree, after having determined that it is fair, adequate and reasonable to the Class as a whole, after: (i) notice to the Class; (ii) an opportunity to opt out of the Settlement Class with respect to monetary relief; (iii) an opportunity to submit timely objections to the Decree; (iv) appropriate discovery of the specifics of any such timely objections; and (v) a hearing on the fairness of the settlement.

B.      "Best Efforts" means implementing a plan reasonably designed to comply with the specified objectives to which the best efforts are directed.

C.      "Settlement Class" is defined in Section VII of this Decree.

D.      "Class Counsel" means Sanford, Wittels & Heisler, LLP, and Law Offices of Grant E. Morris.

E.      "Class Representatives" means Eddie Barnes, Jr., David Chambers, Paul Hannon, Norman Jordan, Criss Murphy, Herion Murphy, Curtis Nelson, Vincent Safford, and Andino Ward.

F.      "Court" means the United States District Court for the Northern District of New York.

G.      "Final Approval" means the signing of this Decree on the Approval Date by the United States District Court for the Northern District of New York.

H.      "Final Approval Date" is the date upon which Final Approval of this Decree is attained and any time for appeal of that Decree has expired.

I.      "Race Discrimination" or "Discriminating on the basis of Race" means unlawful discrimination against employees on the basis of their race and/or color, including, but not limited to, retaliation against an employee because he or she has opposed practices he or she believes in good faith to constitute unlawful discrimination on the basis of race and/or color, or has participated in processes designed to obtain relief for alleged unlawful discrimination on the

basis of race and/or color.  In addition, for all purposes of this Decree, "Race Discrimination" and "Discriminating on the basis of Race" also shall include: (1) racial harassment; (2) retaliation for opposing or complaining about alleged racial harassment; and/or (3) retaliation for participating in a process designed to obtain relief for alleged racial harassment.

       J.        "Liability Period" means the period between the Commencement Date for class members and the Preliminary Approval Date.

       K.        "Preliminary Approval Date" means the date upon which the Court entered an Order preliminarily approving this Decree, pending notice, setting an opportunity to opt out of the Settlement Class or submit objections to the Decree, and scheduling a fairness hearing thereon.  That date is_____, 2006.

       L.        "Term of this Consent Decree" is the period from the Final Approval Date until the expiration of the Decree pursuant to Section VI of this Decree.

       M.        "Commencement Date" shall mean the date which commences the statute of limitations period for Settlement Class members who reside in New York.

       N.        "Individually Identified Recipients" of monetary relief are those members of the Settlement Class, including the Class Representatives.

## IV.  LITIGATION BACKGROUND

On April 18, 2006, nine African-American former or current employees of SSSI filed the aforementioned Action, a lawsuit in federal court in the Northern District of New York, brought under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended ("Section 1981"), asserting individual complaints of allegedly unlawful Discrimination on the basis of Race against them by SSSI.

In September 2005, Named Plaintiff Norman Jordan filed a Charge of Discrimination with the New York State Division of Human Rights ("SDHR").  SSSI responded to this Charge. To date, there has been no Determination by the SDHR regarding said Charge.  Subsequently, all other Named Plaintiffs and two putative class members, Dennis Coleman and Larry Marshall, filed Charges of Discrimination with the SDHR, which may have been submitted to the EEOC. These Charges are currently pending and will be withdrawn upon the approval of this Consent Decree.

Prior to filing the Alleged Class Action, Class Counsel conducted an extensive investigation of suspected problem areas, as identified to them by the Class Representatives. The Class Representatives, Class Counsel and SSSI believe that the extensive investigation conducted by Class Counsel is sufficient to assess adequately the relative strengths and weaknesses of the respective parties' class certification and merits positions, and to compromise the fundamental issues on a fair and equitable basis.  As indicated by the signature of Class Counsel and counsel for SSSI at the end of this document, Named Plaintiffs and SSSI have consented to the entry of this Decree.

## V.  JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this action. Although the Court has no basis upon which to judge the merits of the Alleged Class Action, the Complaint asserts claims that, if proven, would authorize the Court to grant the equitable and monetary relief set forth in this Consent Decree.  Venue is proper in the U.S. District Court for the Northern District of New York.  This Court shall retain jurisdiction of this action during the duration of the Decree solely for the purpose of entering any orders authorized hereunder which may be necessary to implement the relief provided herein.

## VI.  EFFECTIVE DATES AND DURATION OF CONSENT DECREE

A.      Unless provided otherwise, the equitable provisions in this Decree are effective upon the Final Approval Date, although SSSI has expressed its intent to implement many of the items of equitable relief provided for herein as promptly as reasonably possible, notwithstanding that the approval of this Decree may still be pending.

B.      Except as otherwise provided herein, the provisions of this Decree and the agreements contained herein shall remain in effect for two (2) years following the Final Approval Date. Unless earlier terminated by the Court for good cause shown by SSSI, or extended pursuant to Section IX(C)(2), this Decree shall expire without further action by the parties at midnight on the second anniversary of the Final Approval Date.

## VII.        SETTLEMENT CLASS

A.       For purposes of the monetary relief provided in this Decree, the Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3) and consists of all African-American individuals who have been employed by or provided contract services to SSSI, at any time, or for any length of time, during the Liability Period. A member of the Settlement Class for purposes of monetary relief shall be entitled to a monetary award hereunder if he or she is either an Individually Identified Recipient of monetary relief or has submitted a verified claim on the form set forth in Appendix I demonstrating that he or she has a valid claim under the procedure and standards set forth in Section XI(A)(8)-(13) hereof.

B.       For purposes of the equitable and declaratory relief provided for under this Decree, the Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(2) and consists of all African-American individuals who have been employed by SSSI, at any time, and for any length of time, between the Commencement Date and the expiration of this Decree.

C.       The Settlement Class for purposes of monetary relief closes on the Preliminary Approval Date.  All African-Americans first hired by SSSI after the Preliminary Approval Date may avail themselves of the equitable relief provided pursuant to the Decree, but shall not be entitled to any portion of the monetary relief provided hereunder.

D.       In the event that Final Approval of this Decree is not attained, nothing herein shall be deemed to waive any of SSSI's objections and defenses, including but not limited to objections to class certification, and neither this Decree nor the Court's preliminary or provisionally final approval hereof shall be admissible in any court regarding the propriety of class certification or regarding any other issue or subject.

## VIII.        RELEASE OF CLAIMS

A.       **Scope of Judicial Release**

1.       **Release of Claims by Members of the Settlement Class**

Upon Final Approval of the Decree, SSSI, Super Steel Products Corp. ("SSP") and all of their respective directors, officers, managers, agents, employees, attorneys, insurers, successors and assigns, and anyone acting in concert with or behalf of any of them, shall be fully released

and forever discharged from any and all individual and/or class-wide claims, demands, charges, complaints, rights and causes of action of any kind, known or unknown, by the Class Representatives, by the Settlement Class, and by each member of the Settlement Class, whether seeking monetary and/or equitable relief of any sort, which arise out of or are related to any matter, cause or thing whatsoever based on, arising out of, resulting from, or in any way connected, directly or indirectly with their employment or termination of employment with SSSI, expressly including, but not limited to, the Civil Rights Acts of 1964 and 1991 as amended, 42 U.S.C. §1981, the Equal Protection Clause of the United States Constitution, the New York State Executive Law, the New York City Administrative Code or under any other federal, state or local, civil or human rights law; or in contract, tort or equity, as all such laws may be amended rules and/or regulations, constitutions, ordinances, public policy, and any claim arising under common law, or any claim for costs, fees, or other expenses, including attorney fees, disbursements, and court costs incurred in the above actions.  This includes but is not limited to (a) any conduct within the Liability Period allegedly constituting Race Discrimination (as defined above), whether under Title VII, § 1981, the New York State Executive Law, and/or any other law prohibiting such alleged conduct, whether statutory, pursuant to local ordinance, or at common law; (b) any conduct within the Liability Period allegedly constituting negligent misrepresentation, fraud, detrimental reliance, promissory estoppel or breach of contract. This release is final and shall survive the expiration of the Decree's term.

2.  **Release of Claims by Class Representatives and Other Individually Identified Recipients**

Upon Final Approval of the Decree, for and in consideration of the mutual promises, terms and conditions by and between SSSI and the Class Representatives and other Individually Identified Recipients of monetary relief pursuant to Section XI(A) hereof, the sufficiency of which consideration is expressly acknowledged, the Class Representatives and all such other Individually Identified Recipients, do hereby fully, finally and forever release and discharge SSSI, SSP, and all of their respective directors, officers, managers, agents, employees, attorneys, insurers, successors and/or assigns, and anyone acting in concert with or on behalf of them, of and from any and all past and/or present claims, demands, actions, causes of action, suits, damages, liabilities, assessments, judgments, costs, losses, debts, obligations and expenses, of any and every nature whatsoever, whether or not known, allegedly incurred by such individual,

whether because of allegedly unlawful Race Discrimination (as defined above), or because of any other allegedly unlawful, tortious or wrongful actions by SSSI, SSP, and/or any of the other persons and entities released herein, of any type whatsoever, including but not limited to those arising in any way out of the alleged facts, circumstances and occurrences underlying those allegations of: (a) violations of Title VII and 42 U.S.C. §1981 which were asserted or which might have been asserted by or on behalf of these individuals either in the original complaint or in any and all subsequent amended complaints in the Alleged Class Action, and/or in any and all charges of discrimination filed against SSSI or SSP by some or all of these individuals with the EEOC or any other agency; (b) violations of the New York State Executive Law or any other state laws prohibiting Race Discrimination, or any other law prohibiting such alleged conduct, whether statutory, pursuant to local ordinance, or at common law; and/or (c) negligent misrepresentation, fraud, detrimental reliance, promissory estoppel, or breach of contract which arise out of or are related to any matter, cause or thing whatsoever based on, arising out of, resulting from, or in any way connected, directly or indirectly with their employment or termination of employment with SSSI.  This release is final and shall survive the expiration of the Decree's term.

**B.**   **No Bar to Future Claims**

Nothing in the Decree shall be construed to bar any claims of members of the Settlement Class, the Class Representatives or any of the other Individually Identified Recipients of monetary relief based on or arising out of events occurring after the Preliminary Approval Date.

**C.**   **Opt-Out Process**

1.   Pursuant to the Court approval process for this Decree, Settlement Class members shall be provided an opportunity to opt out of the monetary relief provisions of this Decree by submitting to the Court within a specified period of time a "Request to Opt Out." Each Settlement Class member who properly submits a timely Request to Opt Out, or for any other reason is permitted by the Court to opt out of the monetary relief provisions of this Decree, shall be excluded from all monetary relief provisions hereunder, and from the Judicial Release pursuant to Section VIII (A) hereof; all such individuals hereinafter shall be referred to in this Decree as a "Timely Opt Out."

2.   Any Class Representative or other Individually Identified Recipient of monetary relief pursuant to Section XI who becomes a Timely Opt Out shall forfeit his or her

identified settlement amount, as set forth on in Section XI(A) hereof, and that amount shall revert immediately to SSSI.

3.       Any other Settlement Class member who becomes a Timely Opt Out shall receive no monetary relief hereunder.  In the event that any Named Plaintiff, Larry Marshall, Dennis Coleman, Wayne Zimmerman or Eddie Stewart become Timely Opt Outs, then SSSI shall have the unilateral right to abrogate this Consent Decree, and the settlement underlying it, by delivering notice of such abrogation to Class Counsel and the Court within thirty days following the Court-established deadline for Settlement Class members to submit a timely Request to Opt Out.  (This deadline for SSSI to unilaterally abrogate this Consent Decree will be extended fifteen (15) days further following the fairness hearing established by the Court if the Court permits any Settlement Class member to be deemed a Timely Opt Out even though that Settlement Class member failed to submit a timely Request to Opt Out.) In the event that SSSI exercises its unilateral right to abrogate this Consent Decree, if any such right arises, then all aspects of this Consent Decree and the settlement underlying it, including but not limited to the provisional certification of the Settlement Class for settlement purposes only, shall be altogether null and void, and no aspect thereof shall serve either as any legal precedent or as any basis for legal or factual argument, in this or any other case.

4.       SSSI shall not be required to pay any sum under this Consent Decree until, at the earliest, the Opt Out period has expired including any additional time allowed by the Court for such Opt Outs.

## IX.       MISCELLANEOUS PROVISIONS

### A.       <u>Calculation of Time</u>

In computing any period of time prescribed or allowed by this Decree, unless otherwise stated, such computation or calculation shall be made consistent with Federal Rule of Civil Procedure 6(a) as it exists at the time at issue.

### B.       <u>No Admission of Liability</u>

This Decree represents the compromise of disputed Claims that the parties recognize would require protracted and costly litigation to determine.  SSSI denies it has engaged in any policy, pattern or practice of unlawful Race Discrimination, and SSSI's entry into this Decree is

not, and may not be used by any person or entity as, an admission or evidence supporting class certification in any putative class action, and/or an admission or evidence that SSSI has on any occasion engaged in Race Discrimination or any other discriminatory employment practices, such being expressly denied.  SSSI has voluntarily entered into this Decree in order to terminate the Alleged Class Action and the Charges and because the actions SSSI has agreed to undertake demonstrate SSSI's strong commitment to equal employment opportunity and diversity.

> **C.**     **Modification and Severability of the Consent Decree**

> 1.     Whenever possible, each provision and term of this Decree shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event that after Final Approval hereof any provision or term of this Decree should be determined to be or rendered unenforceable on collateral review, all other provisions and terms of this Decree and the application thereof to all persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.  If any application of any provision or term of this Decree to any specific person or circumstance should be determined to be invalid or unenforceable, the application of such provision or term to other persons or circumstances shall remain unaffected to the extent permitted by law.

> 2.     Class Counsel and SSSI may jointly agree to modify the Decree, as may be necessary to fully effectuate its purposes while allowing SSSI to appropriately adapt its operations to changing circumstances.  In the event of such a modification, Class Counsel and SSSI shall notify the Court, but formal Court approval of such modifications is not required.

> **D.**     **Duty to Support and Defend the Decree**

The Class Representatives, Class Counsel, and SSSI each agree to abide by all of the terms of this Decree in good faith and to support it fully, and shall use their respective Best Efforts to defend this Decree from any legal challenge, whether by appeal, collateral attack or otherwise.

> **E.**     **Waiver of Right to Seek Future Employment**

Any individual that is entitled to relief pursuant to this Agreement, whether monetary or injunctive, waives any and all rights or claims which he/she may have to employment or affiliation with SSSI, SSP or any of their related companies, affiliates and/or subsidiaries, and agree that they will not apply for or otherwise seek employment, reinstatement, or affiliation with SSSI, SSP or any of their related companies, affiliates and/or subsidiaries at any time in the

future.  Nothing in the provision constitutes a waiver of any right to employment by individuals currently employed at SSSI.

**F.** **Nondisclosure**

Any individual that is entitled to relief pursuant to this Agreement, whether monetary or injunctive, Class Counsel, and SSSI agrees not to disclose, divulge or otherwise reveal the terms of this Agreement to any third party including, but not limited to, the media.  Nothing in this provision prohibits any party from disclosing the terms of this Agreement to their immediate family, financial advisor, insurer, or the individuals at SSSI and/or SSP who are charged with the implementation of this Decree.

## X.      GENERAL EQUITABLE PROVISIONS

**A.** **Distribution of Anti-Discrimination Policy Statements**

1.      **Redistribution of Policies**

Within thirty (30) days of the Effective Date, SSSI shall redistribute, to all of its employees, the written policies listed below.  Prior to distribution, SSSI shall revise the "Violence in the Workplace" policy and the "Work Rules and Procedures" policy to emphasize SSSI's anti-discrimination policy and complaint procedures. The distribution shall be accompanied by a written statement reiterating the Company's commitment to and support of these policies.  The written policies to be distributed in this manner shall include:

- Equal Employment Opportunity
- Harassment Free Workplace
- Violence in the Workplace
- Work Rules and Procedures

2.      **Distribution to New Employees**

The written policies listed and the written statement described in subsection (1) above, in their then-current or updated form, shall be distributed to all new employees during the term of this Agreement.

B.   **Compliance Official**

    1.    **Selection of Compliance Official**

SSSI shall designate a Compliance Official who shall be charged with overall responsibility for monitoring and assuring compliance with the terms of this Agreement. The Compliance Official shall be the Vice President of Human Resources who shall report directly to the CEO on this subject.

    2.    **Replacement of Compliance Official**

    a.    In the event that the Vice President of HR position ceases to exist for any reason, including reassignment of the Vice President of HR's duties to another position, the Company shall designate a successor Compliance Official as soon as practicable but not later than thirty (30) days after the Vice President of HR's position ceases to exist. In the event that the Vice President of Human Resources position ceases to exist, the CEO will perform the duties of the Compliance Official until it is determined which position will assume the duties of the Compliance Official.

    b.    SSSI shall use Best Efforts to designate an individual who is qualified to perform and will effectively carry out the duties and responsibilities set forth in subsection (3) below.

    3.    **Duties of Compliance Official**

The Compliance Official shall use Best Efforts to ensure SSSI's implementation of, and compliance with, the provisions of this Agreement. The Best Efforts of the Compliance Official shall include the following: (i) monitoring the establishment, implementation, and review of the provisions of Sections X(A) and X(E)(2) of this Agreement; (ii) ensuring the implementation and monitoring of the anti-discrimination, anti-harassment and anti-retaliation policies and training required pursuant to Section X(D); and (iii) providing the internal reports and monitoring required under Sections X(D)(5)-(6).

    4.    **Resources for Compliance Official**

SSSI shall provide support staff, funds and other resources to the Compliance Official as may be reasonably necessary to permit him or her to carry out the duties specified in subsection (3) above and to discharge SSSI's obligations under this Agreement.

C.   **Accountability of Management Personnel for Equal Employment Opportunity and Diversity**

    1.    **Responsibility for EEO Compliance**

It shall be the responsibility of every officer, senior manager and manager with authority over the Glenville facility to use Best Efforts to assure compliance with SSSI's EEO and diversity policies and applicable EEO laws, to carry out his/her duties in conformance with applicable EEO laws, and to assure compliance with the provisions of this Agreement as related to such management personnel's job duties and functions. All such management personnel shall be informed in writing by a higher level of SSSI's management of this specific responsibility, and shall be further informed of what this Agreement specifically requires with respect to the discharge of their own duties.

2.      **Evaluation of Performance on EEO Compliance**

Commencing with the first annual performance appraisal following the Effective Date of the management personnel with responsibility under subsection (1) above, the performance appraisal forms used to evaluate the performance of those employees shall include a professionally-designed performance competency regarding compliance with that responsibility ("EEO performance competency").

3.      **Consideration of Performance on EEO Competency in Promotion and Compensation Decisions**

Evaluation of all management personnel within the scope of this Agreement on EEO performance competency as provided in subsection (2) above shall be taken into account, along with other aspects of performance evaluations, and shall be given significant weight in all compensation decisions and in considering such personnel for promotions or training to enhance their prospects for promotion. All current management personnel shall be informed in writing within thirty (30) days after the Effective Date that EEO performance competency shall be a factor in all such decisions, and all persons newly hired or promoted into management positions shall be so informed at the time they assume such positions.

4.      **EEO Violations**

a.      Any manager who is found to have personally violated SSSI's policies concerning unlawful retaliation, discrimination or harassment on the basis of race or national origin will continue, like all employees, to be subject to appropriate discipline, up to and including termination of employment.

b.      Managers who fail to respond appropriately to any substantiated complaints of racial discrimination, harassment or retaliation within their area of responsibility

13

or who fail to take appropriate actions to prevent or correct practices or instances of substantiated discrimination, harassment or retaliation shall be counseled with respect to the appropriate execution of his or her responsibility to insure compliance with the Company's EEO Harassment Free Workplace, Violence in the Workplace and Work Rules and Procedures (together "EEO-related responsibilities"); and the cause and substance of such counseling and by whom it was provided shall be documented, including but not limited to, in the manager's annual performance assessment and shall be considered for any purposes for which SSSI uses such performance assessments, including but not limited to determination of eligibility for compensation adjustments and promotions.

c.      Managers who fail to execute their EEO-related responsibilities appropriately on a second or subsequent occasion, after counseling, shall be subject to appropriate discipline, up to and including termination.

**D.      Training of Managers and Human Resources Personnel**

All managers and officers of the Company who possess the authority to hire, promote, select for training leading to advancement, or discharge employees within the scope of this Agreement shall receive training as specified in this Section.  To the extent that SSSI has provided training within the nine (9) months prior to the Effective Date to employees who would otherwise be required to receive training under the provisions of this Section, such training need not be repeated and the requirements of this Section may be satisfied by an appropriate "refresher" training supplemented by training on subjects specified in subsection (2)(a)-(b) below that were not included in the prior training.

1.      **Timing**

The training of personnel provided for in this Section shall be commenced within one hundred eighty (180) days after the Effective Date, and shall be completed by the first anniversary of the Effective Date, for all such managers, and officers employed by the Company as of the Effective Date.  All employees hired, promoted, or transferred into positions subject to the training requirements of this Section after the Effective Date shall complete their training within the period provided for above or within ninety (90) days after they assume such positions, whichever is later.

2.        **Content**

The training provided under this Section shall include at least the following subjects, and any other subjects included in such training shall specifically incorporate EEO/diversity goals and fair employment practices considerations into their presentation in the training:

a.        The prohibition of discrimination and harassment on the basis of race in the workplace.

b.        The prohibition and avoidance of retaliation and harassment on the basis of race, including the protection required to be afforded to individuals who bring a discrimination complaint or participate in its investigation or resolution; the nature of and unacceptability of actions constituting prohibited harassment; the consequences of engaging in such retaliation or harassment, including mandatory discipline up to and including termination; and the remedies required to be made available to persons found to be victims of such retaliation or harassment.

c.        The content of the training provided for in this Section shall be developed by one or more professionally qualified consultants, such as industrial/organizational psychologists, personnel management and/or EEO/diversity practice consultants, etc.

3.   **Conduct of Training**

The training may, at SSSI's option, be conducted or presented to employees by such professionally qualified consultants or SSSI's own qualified HR personnel.  However, any such personnel of the Company who conduct such training or make such presentations to other employees shall first be trained in conducting such training or making such presentations by the consultants who design the training programs for SSSI.

4.   **Duration of Training**

The training provided pursuant to this Section shall last a minimum of one full day for HR personnel and a minimum of three (3) hours for managers and officers required to receive such training.

5.   **Review of Training Effectiveness by SSSI**

On an ongoing basis, SSSI shall assess and evaluate the effectiveness of its training programs and the designers and presenters of the training, in light of the purposes and other substantive provisions of this Agreement.  SSSI shall make such adjustments or modifications of,

or additions to its selections of consultants or trainers, and the training programs themselves, as are necessary and appropriate to effectuate those purposes and other substantive provisions.

### 6.   Documentation of Completion of Training

SSSI shall maintain records of attendance at the trainings provided for in this Section, including the name and job titles of attendees and the date(s) and subject(s) of training provided to them, during the term of this Agreement.

### E.   Recordkeeping, Reporting and Review of Implementation of the Agreement

#### 1.   Recordkeeping

During the Term of this Agreement, SSSI shall preserve and maintain documents pertaining to the administration of this Agreement and the policies and practices provided for it. For purposes of this provision, "document" shall include both hard copy and electronically recorded materials (where available), reports and information.  The recordkeeping and reporting requirements provided for in this subsection shall apply to the Company's Glenville facility.

#### 2.   Internal Monitoring and Audits

The Compliance Official appointed pursuant to this Agreement shall review and evaluate data and other information used to compile the reports and shall review and evaluate all record keeping maintained pursuant to X(E)(1), above, and shall produce a report evaluating compliance with this Agreement on a yearly basis to Class Counsel.  This report shall be produced to Class Counsel for inspection no later than midnight before the anniversary date of the Final Approval Date for each of two years following the execution of this Agreement.  The Compliance Official shall determine from the reports, data and other information so reviewed whether there is any reason to believe that discrimination on the basis of race or any conduct prohibited by this Agreement may have occurred, or that SSSI or any employees of SSSI may not have complied with the provisions of this Agreement.  In the event the Compliance Official determines that such discriminatory or non-compliant actions or conduct may have occurred, the Compliance Official shall conduct an audit of the potentially discriminatory or non-compliant activity; reach a final determination with respect to whether any employee engaged in such activity; and if so, propose to responsible Company officials, remedial actions for persons affected by discrimination or non-compliant activity and appropriate disciplinary actions for persons responsible for engaging in or failing to control or report such activity.

F.   **Informal Dispute Resolution**

    1.   **Informal Dispute Resolution**

        a.   **Initiation**

If Class Counsel or SSSI has good reason to believe that a legitimate dispute exists as to the interpretation, application, or enforcement of any provisions of this Agreement, the initiating party shall promptly give written notice to the other party, including: (a) a reference to all specific provisions of the Agreement that are involved; (b) a statement of the issue; (c) a statement of the remedial action sought by the initiating party; and (d) a brief statement of the specific facts, circumstances and any other arguments supporting the position of the initiating party.

        b.   **Response**

Within twenty (20) calendar days after receiving such notice, the non-initiating party shall respond in writing to the statement of facts and arguments set forth in the notice and shall provide its written position, including the facts and arguments upon which it relies in support of its position.

        c.   **Parties' Discussions**

Class Counsel and representatives of SSSI shall undertake good-faith negotiations, which should include a meeting or meetings by telephone or in person and the exchange of relevant documents and/or other information, to attempt to resolve the issue in dispute or alleged noncompliance.

    2.   **Mediation**

        a.   **Initiation**

Both Class Counsel and SSSI agree to attempt mediation of any disputes not resolved through the Informal Dispute Resolution procedure above, and any such mediation shall be exhausted before either party resorts to Arbitration.  Either party's counsel may invoke such mediation, and the other party shall participate in mediation appropriate in duration to the nature and complexity of the matter in dispute.  The parties shall cooperate in scheduling and expediting any such mediation in the interest of efficiency, economy, and resolution, by any appropriate means such as conducting the mediation by telephone where feasible and appropriate.

        b.   **Selection of Mediator**

The parties shall cooperate to select a mutually acceptable mediator, who shall be an attorney or retired judge who is knowledgeable in the areas of employment discrimination law, personnel policies, and contract interpretation, without delay when a dispute requiring mediation arises.

### c.   Mediation Procedure and Duration

The parties shall make Best Efforts to conclude any mediation initiated under this Section within thirty (30) days after the initiating party gives notice invoking mediation.  In order to do this, and to conduct the mediation efficiently and economically, the parties and the Mediator shall use informal mediation procedures to the greatest extent possible.  Unless the parties agree to extend the period for mediation, any dispute not resolved within forty-five (45) days after one party gives notice invoking mediation shall be considered to have failed to resolve the dispute between the parties.

### 3.   Binding Arbitration

#### a.   Prerequisites to Arbitration

Prior to seeking Arbitration, a party wishing to invoke arbitration must first follow the procedures in subsections (1) and (2) above for informal dispute resolution and mediation of the specific matter to be submitted to arbitration.  A matter not submitted to such prior procedures or pursued to impasse in those procedures shall not be submitted to or heard by any Arbitrator under this provision.

#### b.   Initiation

Upon the conditions set out in subsection (a) above, and within thirty (30) days after the end of any mediation proceeding on the disputed matter, either Class Counsel or SSSI may request final and binding arbitration before a single arbitrator who shall to the extent practicable in the circumstances, and without incurring undue delay or expense, apply the Commercial Arbitration Rules of the American Arbitration Association ("AAA") subject to the specific provisions set out below. However, the Arbitrator need not be appointed by, and the arbitration need not be administered by, the AAA. Failure to submit such a dispute to arbitration within thirty (30) days of the end of mediation shall operate as a waiver of the issue(s) raised at mediation and acceptance of the status quo as of the end of mediation.

#### c.   Selection of Arbitrator

The parties shall cooperate to select a mutually acceptable arbitrator, who shall be an attorney or retired judge who is knowledgeable in the areas of employment discrimination law, personnel policies, and contract interpretation, without delay when a dispute requiring arbitration arises.

### d.   **Arbitration Procedures and Duration**

The parties may present written and oral argument to the arbitrator, as well as documents and the testimony of witnesses if deemed necessary and permitted by the Arbitrator. The Arbitrator shall have the power to require any party to produce such documents and information prior to or at the arbitration hearing as the arbitrator may believe are necessary to determine fairly the disputed issue. The Arbitrator and the parties shall use Best Efforts to resolve the dispute within ninety (90) days after its submission to arbitration, or the appointment of the arbitrator, whichever is later.

### e.   **Arbitration Costs**

Class Counsel and SSSI shall each be responsible for one-half of the Arbitrator's fees and costs.

### f.   **Award Final, Non-Appealable and Enforceable**

In his or her award, the arbitrator may interpret the Agreement and decide whether SSSI is in material non-compliance with the Agreement. The Arbitrator's decision shall be final and binding. In the event the Arbitrator finds material non-compliance with the Agreement, the Arbitrator may order SSSI to comply with the provision or provisions of the Settlement Agreement, by their own terms, with which there is found to be non-compliance. The Arbitrator may not add to, subtract from, amend or alter the Agreement, and may not order SSSI to perform any act not provided for in this Agreement. The Arbitrator may not award monetary damages. Any award which exceeds the Arbitrator's authority as stated herein shall be null and void. The party prevailing in arbitration may bring a court action to enforce compliance with the Arbitrator's decision. Such action may be brought only in state court in New York. In the event of such an action, the party resisting the arbitration award may defend by, *inter alia*, showing that the Arbitrator acted outside the scope of his or her authority; added to, subtracted from, or altered the Agreement; ignored its terms; or acted arbitrarily or capriciously. The prevailing party in such an action shall recover its court costs. A court that enters an order enforcing an

arbitration award shall further award to the prevailing party its litigation costs including attorney's fees.

4.   **Conclusion of Dispute Resolution Procedure Outside Term of Agreement**

In the event that there is an ongoing dispute between the parties subject to the Dispute Resolution Procedure provided for in this Section at the time the Term of this Agreement ends, the party that submitted that dispute pursuant to the Dispute Resolution Procedure may continue to invoke the procedures provided for in this Section, and the opposing party shall comply with such Procedures, notwithstanding the expiration of the Term of this Agreement before the dispute is fully resolved.  Any party prevailing in such a Dispute Resolution Procedure, including mediation, arbitration, or a judicial enforcement action, is entitled to the rights and remedies resulting from prevailing on the disputed issues, as provided for in this Section, notwithstanding the expiration of the Term of the Agreement.

## XI. MONETARY AWARDS AND CREDITED DECREE EXPENSES

A.   **Monetary Awards to Class Members**

1.   After the Final Approval Date, SSSI agrees to distribute in monetary awards to class members a total of $1,250,000.00 ("Total Class Award").  This distribution shall be made as follows: (1) $1 million within ten (10) days after the  Final Approval Date; (2) $75,000 on July 1, 2007; (3) $75,000 on January 1, 2008; (4) $100,000 on July 1, 2008. Distributions from the Total Class Award shall be utilized to provide individual monetary awards to members of the Settlement Class in accordance with the provisions of this Section. The Total Class Award includes all attorney's fees and costs.  SSSI will make payment in accordance with the schedule above to an escrow account designated by Class Counsel for that purpose.  Class Counsel will be responsible for distribution of those funds to any individual recipient.  Class Counsel will seek Court Approval of fees and costs incurred and defendant will not object to Class Counsel's seeking same.  Subject to Court Approval, those fees and costs, up to a maximum of 37% of the Total Class Award or $444,000 ("Class Counsel Fees and Costs"), will be deducted from the Total Class Award and paid to Class Counsel.  Class Counsel Fees and Costs will be deducted from each individual award in proportionate shares.

2.       SSSI shall pay Criss Murphy and Norman Jordan $250,000, less an amount representing their proportionate share of attorney's fees after receipt of an executed release in the form attached as Appendix I.  Payment will be made in accordance with the Payment Schedule set forth above in Section XI (A)(1) proportionately.

3.       The other Named Plaintiffs, Larry Marshall, Dennis Coleman, Wayne Zimmerman and Eddie Stewart shall receive the following amounts, less an amount representing their proportionate share of attorney's fees after receipt of an executed release in the form attached as Appendix I.  Payment will be made in accordance with the Payment Schedule set forth above in Section XI (A)(1) proportionately.

| Name | Monetary Amount |
|---|---|
| Larry Marshall | $35,000 |
| Dennis Coleman | $35,000 |
| Andino Ward | $75,000 |
| Eddie Barnes, Jr. | $75,000 |
| Paul Hannon | $75,000 |
| Curtis Nelson | $75,000 |
| David Chambers | $75,000 |
| Herion Murphy | $75,000 |
| Vincent Safford | $75,000 |
| Wayne Zimmerman | $25,000 |
| Eddie Stewart | $25,000 |

4.       SSSI shall establish an interest bearing account for a Claims Fund and shall deposit $55,000 into the account for the benefit of additional Claimants qualified for monetary relief.  Any interest on the account shall become part of the Claims Fund.  SSSI shall appoint a Fund Administrator, an SSSI employee, who shall administer the fund and make payments from the fund in accordance with the terms of this Consent Decree and at the instructions of Class Counsel.

5.       Upon five days notice, Class Counsel may inspect the records of the Claims Fund.

6.       SSSI shall pay all costs associated with distributing and administering the Fund and no costs shall be deducted from the fund.

7.      For purposes of this Decree, Potential Claimants are defined as African-American employees of SSSI or contract workers who worked for SSSI in its Glenville facility from the Commencement Date up to the date of entry of this Decree, except Class Representatives, Larry Marshall, Dennis Coleman, Wayne Zimmerman or Eddie Stewart.

8.      Within ten days after Preliminary Approval, SSSI will send all Potential Claimants a Notice of Settlement in the form attached as Appendix II, together with a Claim Form attached as Appendix III.  The Claim Form will explicitly advise Potential Claimants of their responsibility to fully respond to each question in the Claim Form and to supply all of the requested information before the expiration of the deadlines set forth herein, and to keep Class Counsel advised of any change in name, address or telephone number, in order to preserve any rights they may have under the Decree.  The deadline for returning the Claim Form will be prominently displayed at the top of the Claim Form.  All Claim Forms submitted must be postmarked by the 90th day from the date of entry of this Decree.

10.     The Notice of Settlement and Claim Form shall be sent to all Potential Claimants at their last known address both by regular First Class U.S. mail and by certified mail, return receipt requested.  A list of Potential Claimants, their address, telephone number and Social Security number shall be provided simultaneously to Class Counsel.  SSSI will provide Class Counsel with mail tracking information.

11.     Each Potential Claimant will be offered an opportunity to submit a claim to Class Counsel.  Any Potential Claimant wishing to file a claim must submit to Class Counsel a completed Claim Form within ninety (90) days of the date of entry of this Decree, together with all relevant information the Potential Claimant wishes to submit with his/her claim.  Class Counsel, in its discretion, may request additional information.  If a Potential Claimant fails to provide Class Counsel with a completed Claim Form and all relevant information the Potential Claimant wishes to submit with his/her claim by the deadline stated in this Decree, the Claim will be denied as untimely.  If a Potential Claimant fails to timely provide other information which may be requested by Class Counsel, Class Counsel, in its discretion may deny the claim for failure to cooperate.

12.     Class Counsel will review the Claims Forms and other relevant information timely received by Class Counsel in order to make a determination of the distribution of the Claims Fund.  Class Counsel shall make all determinations as to eligibility for

monetary relief which may include compensatory damages, back pay and/or front pay.  Class Counsel will have sole discretion to deny any claims submitted to it.  For purposes of this Consent Decree, an eligible Claimant is a person who Class Counsel has determined is eligible for relief from the Claims Fund in this matter.  Class Counsel shall divide the Claims Fund among eligible Claimants in amounts to be determined by Class Counsel.  Class Counsel retains sole discretion to determine the amounts to be awarded from the Claims Fund.  No person or party has a right to object to Class Counsel's determination.

        13.    Upon Class Counsel's determination regarding the distribution of the Claims Fund, Class Counsel will notify SSSI in writing of the eligible Claimants and the amounts to be paid to each eligible Claimant.  Class Counsel will also furnish SSSI with any updated information which has been received by Class Counsel from a Claimant regarding the Claimant's name, address, or telephone number.  Class Counsel shall also furnish to SSSI a Release in the form attached as Appendix II, executed by each Claimant for whom payment is required.  Within thirty (30) days of the date Class Counsel provides the notice and properly executed Release to SSSI regarding distribution of the Claims Fund, SSSI will issue and send checks to the eligible Claimants in the amounts directed by Class Counsel, together with a notice to the eligible Claimant that the check must be cashed within 90 days of the date of the check, or the check will be void and the claim will be denied.  SSSI will supply Class Counsel a copy of the checks and with mail tracking information.  SSSI will pay all costs associated with mailing and distributing the funds.

        14.    If a Claimant has not cashed a check within 90 days after the date of the check, the check will be voided and the claim will be deemed denied.

        15.    On August 1, 2008, the Fund Administrator will advise Class Counsel in writing of the amount of any funds remaining in the Claims Fund account, including any funds which remain because checks were not cashed, funds which could not be distributed after diligent efforts by SSSI to locate a Claimant, and interest which has accrued.  Class Counsel shall then instruct SSSI in writing to issue a check for the remaining balance in the Claims Fund account to an organization in New York selected by Class Counsel which promotes equal employment opportunities for African-Americans, and qualifies for Section 501(c)(3) status under the Internal Revenue Code.  SSSI shall issue a check to such organization within thirty (30) days of mailing of Class Counsel's instruction regarding final distribution of the funds to

such organization, and will send Class Counsel a copy of the check and cover letter.  The Claims Fund account may then be closed.

        16.    SSSI will provide Class Counsel with copies of transmittal letters and checks sent to Claimants within thirty (30) days of issuance.

        17.    SSSI will issue Form 1099 to all eligible Claimants who have received funds from the Claims Fund.

    **B.**    <u>**Allocation of Monetary Awards**</u>

All distributions of individual monetary awards to the Settlement Class members who are entitled to receive awards under this Decree shall be allocated as follows:  95% compensatory damages and 5% backpay and front pay, which is warranted by the facts and the law.  Before submitting settlement funds to Class Counsel: SSSI shall calculate and withhold from each Settlement Class member's total gross award the amount due for federal, state and local income taxes on the entire gross award, and the amount due for the employee's share of F.I.C.A. on the back pay and front pay portion of the distribution.  SSSI shall also determine the employer's share of F.I.C.A., F.U.T.A. and S.U.T.A. and be responsible for making those payments, which, unlike the Settlement Class members' share of these withholding taxes, will not be deducted from the Total Class Award.  SSSI shall also be responsible for producing and submitting to Class Counsel, for distribution by them to each Settlement Class member who receives a monetary award, the respective W-2 and 1099 tax reporting forms, and SSSI shall also make the necessary tax reporting to the IRS or other appropriate agency.

Any individual entitled to monetary relief under this Agreement shall be solely responsible for the payment of any and all taxes on the aforesaid amounts paid under this Consent Decree, and shall make no claim against SSSI for payment of any such taxes, or any interest or penalties, except as otherwise provided in this Consent Decree.  In the event the Internal Revenue Service, or any other taxing entity, including, but not limited to, the State of New York or any court or other tribunal of competent jurisdiction, ultimately determines that the foregoing payments, or any portion thereof, constitute wages or other remuneration for which any taxes are due and owing, the individuals entitled to monetary relief shall be solely responsible for the payment of such taxes, and shall make no claim against SSSI for payment of any such taxes, or for the payment of any applicable interest or penalties.  The validity of this Consent Decree shall not be affected in any way by any tax liability individuals may have with respect to these payments.

IT IS SO ORDERED, ADJUDGED AND DECREED this _____day of _____, 2006.


_____

Hon. Gary L. Sharpe
United States District Judge


[signatures on next page]

**STIPULATED, ACKNOWLEDGED AND AGREED TO BY:**

| | |
|---|---|
|   s/ David Sanford                 |   s/ Joan Gilbride                |

  s/ David Sanford
_____

David Sanford
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C.  20009
(202) 742-7780


  s/ Steven Wittels
_____

Steven Wittels, (SLW-8110)
Jeremy Heisler, (JH-0145)
**SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue
10th Floor
New York, NY  10022
(646) 723-2947


  s/ Grant Morris
_____

Grant Morris, D.C. Bar No. 926253
**LAW OFFICE OF GRANT E. MORRIS**
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C.  20009
 (202) 742-77

**CLASS COUNSEL**


  s/ Joan Gilbride
_____

Joan M. Gilbride
**KAUFMAN BORGEEST & RYAN LLP**
99 Park Avenue
New York, New York  10016
(212) 980-9600

**COUNSEL FOR SUPER STEEL
SCHENECTADY, INC.**