IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

CRISS MURPHY, NORMAN JORDAN, )
ANDINO WARD, EDDIE BARNES, JR., )
PAUL HANNON, CURTIS NELSON, )
DAVID CHAMBERS, HERION )
MURPHY, and VINCENT SAFFORD, )
Individually and on Behalf of Others )
Similarly Situated, )
                                          PLAINTIFFS, )   CASE NO. 06-CV-00480-GLS-DRH
v. )

SUPER STEEL SCHENECTADY, INC., )

                                          DEFENDANT. )

## PROPOSED ORDER PRELIMINARILY APPROVING THE CLASS SETTLEMENT

WHEREAS, this matter having been opened to the Court by plaintiff CRISS MURPHY, ET AL., by SANFORD, WITTELS, & HEISLER, LLP, counsel for plaintiff and the class, by application for an order preliminarily approving the settlement of the above captioned class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, which, together with the consent decree and appendices annexed thereto sets forth the terms and conditions for a proposed settlement of the Action; and the Defendant SUPER STEEL SCHENECTADY, INC. (hereafter "SSSI") having appeared by its counsel, KAUFMAN BORGEEST & RYAN LLP, and joined in the application;

WHEREAS, the parties and their attorneys have entered into a Consent Decree (hereafter "Settlement Agreement" or "Consent Decree"), as revised and submitted to the Court dated January 19, 2007, in which the parties have agreed upon a settlement of the Action, subject to the final approval of the Court as to the fairness, reasonableness and adequacy of the Settlement Agreement which, if approved at a fairness hearing, will result in dismissal of the Action with prejudice.

NOW, THEREFORE, upon reviewing the Settlement Agreement, including the appendices attached thereto, and upon reviewing all prior proceedings herein, and upon application of the parties based on the record.

IT IS HEREBY ORDERED as follows:

1.    The Court preliminarily approves the Settlement Agreement as being fair, reasonable, and adequate, subject to the right of any Class Member to challenge the fairness, reasonableness, or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing the Action and all Released Claims and awarding compensation to Class Counsel,

should not be entered after due and adequate notice to the Class and after a hearing on final approval.

2.  The Class is preliminarily certified pursuant to the Settlement Agreement as follows: all African Americans individuals who have been employed by or provided contract services to SSSI, at any time, or for any length of time, during the liability period.

3.  A hearing (the "Fairness Hearing") shall be held before this Court on April 23, 2007 at 1:30 p.m., at the United States District Court for the Northern District of New York, James T. Foley – U.S. Courthouse, 445 Broadway, Albany, NY 12207, before the Honorable Gary L. Sharpe, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court pursuant to Fed. R. Civ. P. 23(e); whether the Judgment as provided in the Settlement should be entered herein; and to determine the amount of attorneys' fees and expenses that should be awarded to Class Counsel.

4.  The Court approves, as to form and manner of notice, the Notice of Settlement (the "Notice") and the Claim Form, annexed to the Settlement Agreement. Consistent with Fed. R. Civ. P. 23(c), the Notice will include a) the Consent Decree's provisions that a class member may request exclusion from the monetary relief of the settlement within forty-five (45) days of the date Notice was mailed, b) that the class member may enter an appearance through counsel, c) that the class judgment will have a binding effect on class members, and d) the date, time, and location of the Fairness Hearing. The parties are directed to mail such Notice and Claim Form to the Class within 10 days after the Court enters this Order.

5.  Pursuant to 28 U.S.C. § 1715(a) and (b), no later than ten (10) days from January 25, 2007, SSSI shall serve upon an appropriate state official, as defined by 28 U.S.C. § 1715(a)(2), notice of the proposed class action settlement and the materials listed in 28 U.S.C. § 1715(b). SSSI shall provide both the Court and plaintiffs' counsel with proof of such service no later than March 1, 2007.

6.  The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

7.  As of the date hereof, all discovery and other proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement Agreement.

IT IS SO ORDERED:

_Gary L. Sharpe_
Hon. Gary L. Sharpe
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2007